UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GEORGE MICHAEL MACK,

                Petitioner,

v.

MICHAEL BURGESS,

                Respondent.

_____/

Case No. 1:22-cv-130

Honorable Phillip J. Green

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The petition is presently before the Court on Petitioner's motion to stay these proceedings and hold them in abeyance pending exhaustion of state court remedies with respect to five of his ten habeas issues. Those issues are presently before the Michigan Supreme Court on Petitioner's application for leave to appeal.

## Discussion

### I.    Factual allegations

Petitioner George Michael Mack is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Following a six-day jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of first-degree murder and felony murder, in violation of Mich. Comp. Laws § 750.316, being a felon in possession of a firearm (felon-in-possession), in violation of Mich. Comp. Laws § 750.224f, aggravated

stalking, in violation of Mich. Comp. Laws § 750.411, and two counts charging the use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227.  On December 12, 2016, the court sentenced Petitioner to life imprisonment without parole on the murder convictions, to be served concurrently with terms of six to ten years for felon-in-possession and aggravated stalking and consecutively with concurrent two-year terms for the felony-firearm violations.

On February 10, 2022, Petitioner filed his habeas corpus petition raising ten grounds for relief, as follows:

I.    Petitioner was deprived of a fair trial, and therefore was deprived of Due process, when over objection the trial court allowed into evidence gruesome photos of the deceased.

II.   Petitioner was denied a fair trial, and therefore Due Process when a police witness interjected highly prejudicial and irrelevant testimony into evidence and trial counsel was ineffective in failing to object or to move for a mistrial[] hearing as to the issue of ineffective assistance of counsel.

III.  The trial court denied Petitioner Due Process by denying the motion for an evidentiary hearing as to the issue of ineffective assistance of counsel.

IV.   Petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights, when he was denied his right to testify on his own behalf-denying him his right to present an effective defense.

V.    Petitioner was deprived of his Sixth Amendment right to effective assistance of trial counsel in that counsel's deficient performance as well as trial counsel's errors so undermined the reliability of and confidence in the result of his trial rendering it fundamentally unfair.

VI.   There is insufficient evidence to sustain the jury's verdict of guilty of murdering a peace officer or corrections officer in violation of the Due Process Clause of the Federal Constitution.

2

> VII.    The admission of evidence of Petitioner's July 4, 2015 assault and possession of an AK-47 rifle violated MRE 404(b) and the Due Process Clause of the fourteenth Amendment.
>
> VIII.    The prosecution made civic-duty argument and appealed to the sympathy of the jurors, in violation of the Constitutional guarantees of Due Process.
>
> IX.    Trial counsel was Constitutionally ineffective for failing to object to the prosecutor's civic-duty argument and appeal to the sympathy of the jurors.
>
> X.    Appellate counsel was Constitutionally Ineffective for failing to raise Grounds 6–9.

(Pet., ECF No.1, PageID.24 (capitalization in original).)  Petitioner notes that he raised issues I–V in the Michigan Court of Appeals and the Michigan Supreme Court on direct appeal.  He raised issues VI–X on a motion for relief from judgment in the trial court and in the Michigan Court of Appeals.  Those issues are presently before the Michigan Supreme Court on Petitioner's application for leave to appeal.

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the

state's highest court.  *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970).

Petitioner acknowledges that he has not exhausted issues VI–X in the state courts and that those issues will not be exhausted until the Michigan Supreme Court resolves Petitioners' application for leave to appeal.  An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).  Petitioner is presently pursuing the one available procedure by which to raise issues VI–X.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the

dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on April 30, 2019**.**  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on July 29, 2019.  Accordingly, absent tolling, Petitioner had one year, until July 29, 2020**,** in which to file his habeas petition.  Petitioner filed the instant petition on February 10, 2022.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled from the filing of an application for state post-conviction or other

5

collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). Petitioner reports that he filed a motion for relief from judgment in the trial court on July 17, 2020, with twelve days remaining in the period of limitation. The statute of limitation will remain tolled until the Michigan Supreme Court resolves Petitioner's application for leave to appeal. But, if the Michigan Supreme Court denies the application, as soon as the Court enters the order, the period of limitation will run again. The statute is not tolled on state collateral review during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Because there are only twelve days remaining in the period of limitation, Petitioner is in a precarious position. Given potential delays in his receipt of the state supreme court's order, it would be difficult to file a petition in this Court within twelve days. It is for that reason that Petitioner has filed his petition now.

The *Palmer* Court indicated that thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days—thirty days to file the motion for collateral review and thirty days to return to the federal court after collateral review is complete—amounts to a mandatory period of equitable tolling under *Palmer*).

In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary thirty days to return to this court before expiration of the statute of limitations. As

a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics."  *Id.* at 278.  Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Petitioner's petition and motion to stay sufficiently support a determination that Petitioner has shown good cause for his failure to exhaust before filing his habeas petition.  His unexhausted claims are not plainly meritless on their face.  And there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics. Therefore, the Court concludes that Petitioner has met the *Rhines* requirements and

the Court will stay these proceedings and hold them in abeyance pending Petitioner's exhaustion of his state court remedies and compliance with the Court's order regarding the stay.

An order consistent with this opinion will be entered.


Dated:   February 28, 2022                    /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge